UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

VANE LINE BUNKERING, INC.
2100 Frankfurst Avenue
Baltimore, MD 21226,　　　　　　　　　　　　　　Case No. 11-CV-00240-WCG

　　　　Plaintiff,　　　　　　　　　　　　　　　Judge: William C. Griesbach

　　v.

THE MANITOWOC COMPANY, INC.
2400 S. 44th Street
Manitowoc, WI 54221,

FINCANTIERI MARINE GROUP, LLC,
3301 S. Packerland Dr., Suite A,
DePere, WI 54115,

　　　　Defendants.
_____

THE MANITOWOC COMPANY, INC.
2400 S. 44th Street
Manitowoc, WI 54221,

　　　　Third-Party Plaintiff,
　　v.

FINCANTIERI MARINE GROUP HOLDINGS, INC.,
3301 South Packerland Drive, Suite D
DePere, WI 54115,

FINCANTIERI-CANTIERI NAVALI ITALIANI S.p.A
Via Genova 1
34121 Trieste
Italy,
　　　　Third-Party Defendants.

---

**PLAINTIFF'S AMENDED COMPLAINT**

---

NOW COMES Plaintiff, Vane Line Bunkering, Inc., by and through its attorneys, Liebmann, Conway, Olejniczak & Jerry, S.C., and as and for its Amended Complaint against Defendants, The Manitowoc Company, Inc., and Fincantieri Marine Group, LLC, alleges and shows the Court as follows:

## THE PARTIES

1. Plaintiff, Vane Line Bunkering, Inc. ("Vane"), is a corporation organized and existing under the laws of the State of Maryland, with its principal office located at 2100 Frankfurst Avenue, Baltimore, MD 21226.

2. Defendant Fincantieri Marine Group, LLC ("FMG") is a limited liability company organized and existing under the laws of the State of Nevada, with its principal office located at 3301 S. Packerland Dr., Suite A, De Pere, WI 54115. FMG is the successor-in-interest to Manitowoc Marine Group, LLC, which after sale from The Manitowoc Company to Fincantieri Marine Holdings, changed its name to Fincantieri Marine Group, LLC in January of 2009, and has been continuously in operations before, during and after the name change.

3. Defendant The Manitowoc Company, Inc. ("Manitowoc") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal office located at 2400 S. 44th Street, Manitowoc, WI 54221-0066 with a Registered Agent of Corporation Service Company d/b/a CSC Lawyers Incorporated Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1332 (diversity of citizenship), this Court has jurisdiction over Counts Three, Four and Five in this action. The matter in controversy exceeds, exclusive of interest and costs, $75,000.00.

5. Under Article III of the United States Constitution, this Court has jurisdiction over Counts One, Two and Six in this action, which arise under admirality and maritime law. Counts One and Two assert maritime tort claims relating to maritime activities, including, but not limited to, commerce on the high seas and arising out of the use of a vessel that was specifically designed for maritime use and after it was set to sea in navigable waters. Count Six asserts a claim for non-contractual indemnity arising out of maritime torts and injuries to cargo while in the aforementioned vessel. Pursuant to Federal Rules of Civil Procedure 9(h), 14(c) 38(e) and 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff specifically designates Counts One, Two and Six herein as admiralty and maritime claims.

6. This Court has personal jurisdiction over Defendants. Upon information and belief, Defendant Manitowoc is incorporated and conducts its business in this judicial district and at all relevant times the Defendant has been headquartered and has manufactured and sold its products in this judicial district. Similarly, Defendant FMG is headquartered and has manufactured and sold its products, including, upon information and belief, the vessel at issue in this case, in this judicial district, Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Pursuant to a Shipbuilding Agreement entered into on November 18, 2005, attached hereto and incorporated herein as Exhibit A, Vane contracted with Manitowoc Marine Group, LLC ("MMG"), a subsidiary of Manitowoc, to build two articulated tug-barge vessels.

8. In October of 2007, MMG delivered one of the tug-barge vessels (the "DS-143") to Vane.

9. On August 8, 2009, during the delivery of a cargo of Gas Oil in Charleston, South Carolina, it was discovered that Aviation Gasoline ("Avgas") from one of the DS-143's cargo tanks had leaked into another of the DS-143's cargo tanks carrying Gas Oil.

10. Due to the intermixing of the Avgas and Gas Oil, the quality of the Gas Oil deteriorated and was damaged.

11. At the time the damage occurred, Sunoco Inc. ("Sunoco") had chartered the DS-143 from Vane.

12. On the voyage in question, Sunoco sub-chartered space aboard the DS-143 to Chevron Products Company ("Chevron"), a division of Chevron U.S.A., Inc.

13. Chevron was the owner of the contaminated Gas Oil.

14. Chevron subsequently tendered a claim in the amount of One Million Twenty-Two Thousand Four Hundred Fifty-One Dollars and 00/100 ($1,022,451.00) against Sunoco.

15. Sunoco was able to mitigate the damages and negotiate Chevron's claim down to Six Hundred Sixty-Two Thousand Five Hundred Dollars and 00/100 ($662,500.00).

16. Sunoco brought a claim for indemnification against Vane as the owners of the DS-143.

17. Sunoco and Vane agreed to settle the claim for Two Hundred Thousand Dollars and 00/100 ($200,000.00).

18. Vane commissioned a Cargo Contamination Investigation on Barge DS-143 (the "Investigation"), which was prepared by Seaworthy Systems, Inc.

19. The Investigation found that the intermixing of the Avgas and Gas Oil was caused by the failure of a bronze sway bar within the DS-143's No. 2 cargo pump, a piece of which

lodged in the deepwell drain valve restricting it from full closure and thereby allowing the contamination.

20. The bronze sway bars are non-moving, non-wearing, non-maintenance required parts and could not have broken in the absence of damage during installation of the No. 2 cargo pump into its deepwell, which would have occurred during the outfitting of the DS-143 preceding delivery by MMG in October of 2007.

21. MMG negligently installed the bronze sway bars while it was constructing the DS-143 which caused the AvGas to contaminate the Gas Oil being carried by the DS-143.

22. Section 20 of the Shipbuilding Agreement states:

> Builder [MMG] shall indemnify and save Owner [Vane Line Bunkering] harmless from any and all liability expenses (including attorneys' fees), costs, damages, and/or losses of any kind to the extent arising out or resulting from the negligent acts or omissions of Builder, its employees, agents or subcontractors, including claims, etc. arising out of injuries to or death of persons or loss or damage to property of any kind.

23. Exhibit I of the Shipbuilding Agreement, attached hereto and incorporated herein as Exhibit A, contains a Parent Guaranty signed by Manitowoc which states:

> In order to induce Vane Line Bunkering, Inc. ("Owner") to enter into that certain Shipbuilding Agreement (as amended from time to time, the "Agreement") between Owner and Manitowoc Marine Group, LLC ("Builder") dated as of November 18, 2005, The Manitowoc Company, Inc., a Wisconsin corporation ("Guarantor"), represented herein by its duly authorized officer, hereby unconditionally and irrevocably guarantees to Owner the due, prompt and faithful performance of, and compliance with, all obligations, covenants, terms, conditions and undertakings of Builder contained in the Agreement (the "Builder Guaranteed Obligations") in accordance with the respective terms thereof. Such guaranty is an absolute, unconditional, present and continuing guaranty of performance and compliance. If for any reason whatsoever Builder shall be in default under the Agreement in the performance or compliance with any Builder Guaranteed Obligation and Owner is entitled to exercise its remedies under the Agreement against Builder, then Guarantor shall forthwith perform or comply with, or cause to be performed or complied with, Builder Guaranteed Obligations. Owner may demand performance of the Builder Guaranteed Obligations by the Guarantor without first demanding performance from the Builder. Owner may

bring an action to enforce the Builder's Guaranteed Obligations against the Builder, the Guarantor or both.

### COUNT ONE:  FMG:  STRICT PRODUCTS LIABILITY (ADMIRALTY)

24. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

25. FMG, while known as MMG, engaged in the manufacture and sale of the DS-143 to Vane and it engaged in the manufacture and sale of vessels, generally.

26. Vane purchased the DS-143 from FMG, while FMG was known as MMG, in the condition in which it was originally manufactured.

27. The contamination of the cargo as described above occurred while Vane and its customers were using the DS-143 for the purpose for which it was intended and while they were unaware of any defect in the DS-143 or any danger to Vane's customers' property posed thereby.

28. When the contamination occurred, the DS-143 was in a defective condition and unreasonably danger to users' property, and the condition of the DS-143 in that regard remained unchanged from when FMG, while known as MMG, originally sold the DS-143 to Vane.

29. As a direct result of FMG's breach of duty and the vessel's defective condition, the contamination damaged property other than the DS-143 itself, to wit, the Gas Oil cargo as described above, for which Plaintiff has been required to make payment to Sunoco.

30. Pursuant to Federal Rules of Civil Procedure 9(h), 14(c) 38(e) and 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff specifically designates Count One herein as an admiralty and maritime claim.

### COUNT TWO:  FMG:  PRODUCTS LIABILITY:   NEGLIGENCE (ADMIRALTY)

31. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

32. FMG owed Vane and its customers a duty to exercise reasonable care consistent with industry standards.

33. FMG breached that duty by negligently construing the DS-143 in a manner that permitted contamination of the Gas Oil as described above.

34. As a direct result of FMG's breach of duty and the vessel's defective condition, the contamination damaged property other than the DS-143 itself, to wit, the Gas Oil cargo as described above, for which Plaintiff has been required to make payment to Sunoco.

35. Pursuant to Federal Rules of Civil Procedure 9(h), 14(c) 38(e) and 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff specifically designates Count Two herein as an admiralty and maritime claim.

### COUNT THREE: FMG: BREACH OF BUILDER'S DUTY OF CARE (COMMON-LAW NEGLIGENCE)

36. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

37. As a builder, FMG (then known as MMG) owed Vane and its customers a common-law duty to exercise reasonable care consistent with standards in the industry in constructing the DS-143.

38. FMG, while known as MMG, breached said duty by, among other things, negligently installing the bronze sway bars in the DS-143.

39. As a result of FMG's breach of duty and the resulting contamination of the Gas Oil, Vane has been damaged by the $200,000 obligation incurred to Sunoco; Vane's costs, expenses and attorneys' fees incurred in negotiating with Sunoco; and Vane's costs, expenses and attorneys' fees in presenting its demand to Manitowoc, and in this action.

## COUNT FOUR: FMG AND MANITOWOC: BREACH OF CONTRACT

40. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

41. Vane performed all obligations required of it under the agreements with MMG and Manitowoc.

42. FMG breached Section 20 of the Shipbuilding Agreement by failing to indemnify and save Vane harmless from the liability and expenses that arose due to the contamination caused by the negligent installation of the bronze sway bars in the DS-143.

43. Manitowoc breached the Parent Guaranty incorporating the obligations in Section 20 of the Shipbuilding Agreement by failing to indemnify and save Vane harmless from the liability and expenses that arose due to the contamination caused by the negligent installation of the bronze sway bars in the DS-143.

44. Manitowoc's and FMG's breaches of their indemnity obligations have caused and continue to cause damages to Vane, including the $200,000 obligation incurred to Sunoco; Vane's costs, expenses and attorneys' fees incurred in negotiating with Sunoco; and Vane's costs, expenses and attorneys' fees incurred in presenting its demand to Vane and in this action.

## COUNT FIVE FMG AND MANITOWOC: EQUITABLE INDEMNIFICATION/LEGAL SUBROGATION

45. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

46. As a result of the Gas Oil contamination as described above, Vane has been compelled to compensate Sunoco for losses that were caused by FMG's negligence and FMG's wrongful acts and omissions. Vane did not cause the contamination and was not aware of the

defect in the vessel, and therefore, Vane was not responsible in equity for any share of the damages.

47. By virtue of having been compelled to compensate Sunoco for the damages, Vane succeeds to the injured parties' rights with respect to the negligent damage to the Gas Oil that was caused by FMG's acts and omissions.

48. As a matter of equity, Vane should not be forced to bear these losses, which should rightfully be borne by FMG and Manitowoc instead.

### COUNT SIX: FMG: NON-CONTRACTUAL INDEMNITY (ADMIRALTY)

49. Vane realleges and incorporates by reference as if fully set forth herein all the preceding paragraphs of this Amended Complaint.

50. FMG, formerly known as MMG, is the company whose default caused the contamination and damage to the Gas Oil and therefore, it is appropriate for FMG to be required to indemnify Vane against the Sunoco claim and attendant costs, fees, and expenses.

51. Vane was compelled to resolve the Sunoco claim in order to avoid further expense, cost and risk associated with defending a legal action and in order to avoid damage to Vane's reputation.

52. The settlement between Vane and Sunoco was reasonable and was a fraction of the original demand by Sunoco, which in turn was a fraction of the original demand made to Sunoco.

53. FMG, formerly known as MMG, is responsible for the damage because it negligently installed the sway bars as alleged above.

54. Pursuant to Federal Rules of Civil Procedure 9(h), 14(c) 38(e) and 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff specifically designates Count Six herein as an admiralty and maritime claim.

WHEREFORE, Vane requests the following relief:

A. A judgment that Manitowoc and FMG are jointly and severally liable to indemnify against and hold Vane harmless from all losses arising out of Sunoco's claims and demands as described above;

B. A judgment against Manitowoc and FMG for Vane's costs, expenses, and reasonable attorneys' fees allowed under Section 20 of the Shipbuilding Agreement or as the Court may permit; and

C. Such other relief as the Court may find fair and equitable.

Respectfully submitted this 2nd of September, 2011.

                          LIEBMANN, CONWAY, OLEJNICZAK & JERRY, S.C.
                          Attorneys for Plaintiff

                        By:   s/April Rockstead Barker
                               Gregory B. Conway
                               April Rockstead Barker

**POST OFFICE ADDRESS:**
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: 920-437-0476
Fax: 920-437-2868
State Bar Nos.1012636 / 1026163

*(201015.015-#1063024)*