UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VANE LINE BUNKERING, INC.,

      Plaintiff,

  v.                                     Case No. 11-C-240

THE MANITOWOC COMPANY, INC.,

      Defendant and Third Party Plaintiff,

  v.

FINCANTIERI MARINE GROUP HOLDINGS, INC., and
FINCANTIERI-CANTIERI NAVALI ITALIANI S.p.A.,

      Third Party Defendants.

---

**ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT**

---

Plaintiff Vane Line Bunkering (Vane) filed this lawsuit against Defendant The Manitowoc Company, Inc. (Manitowoc) for an alleged breach of contract. Manitowoc subsequently impleaded Fincantieri Marine Group Holdings, Inc. (FMGH) and Fincantieri-Cantieri Navali Italiani, S.p.A. (FCN) as third party defendants (collectively Fincantieri), asserting claims for declaratory judgment, breach of contract, and contractual indemnity based on that agreement. Essentially, Manitowoc contends Fincantieri is obligated to indemnify Manitowoc for Vane's breach of contract claim against Manitowoc. The case is now before the court on Fincantieri's motion to dismiss the third party complaint pursuant to Fed. R. Civ. P. 14(a)(2)(A) and 12(b)(3). For the reasons discussed herein, Fincantieri's motion to dismiss will be granted.

**BACKGROUND**

On November 18, 2005, Vane and Manitowoc executed a "Shipbuilding Agreement for the Construction of Up to Two 145,000 BBL Articulated Tug/Barges between Manitowoc Marine Group, LLC as 'Builder' and Vane Line Bunkering, Inc. as 'Owner.'" Pursuant to this shipbuilding agreement, Vane contracted with Manitowoc Marine Group, LLC (MMG), a Manitowoc subsidiary, to build two articulated tug/tank barge vessels. (ECF No. 28 ¶ 7.) Manitowoc provided Vane with a Parent Guaranty pursuant to which Manitowoc agreed to answer for all deficiencies in MMG's performance under the Agreement. (*Id.*, Ex. A.) MMG delivered the tug/barge vessel to Vane in October 2007.

On August 1, 2008, Manitowoc entered into a purchase agreement with Fincantieri, whereby FMGH purchased MMG from Manitowoc.[1] (Third Party Compl. ¶¶ 8–9.) The purchase agreement contained an indemnity provision under which Fancantieri agreed to indemnify Manitowoc for any liability it assumed under a parent guarantee not released at closing and related to the operation of the business after closing. (Aff. of Timothy F. Nixon, Ex. A, ¶9.2(d).) The purchase agreement also contained a mandatory forum selection clause stating that New York courts shall have "exclusive jurisdiction" over any action, suit, claim, investigation, or proceeding arising from the agreement. The parties agreed that New York law would govern the purchase agreement and agreed to waive any objections to New York as the forum for any disputes arising under the Purchase Agreement.

In August 2009, while Vane chartered one of the vessels to Sunoco, aviation gasoline held in one of the cargo tanks leaked into a neighboring tank, contaminating the gas oil in that tank.

---

[1] After the purchase, MMG's name was changed to Fincantieri Marine Group, LLC (FMG) pursuant to a change in its Articles of Incorporation.

(ECF No. 28 ¶ 9.) Vane ultimately agreed to pay Sunoco $200,000. (*Id.*) Vane then brought suit against Manitowoc on a breach of contract theory, and Manitowoc thereafter impleaded Fincantieri as Third Party Defendants claiming a right to indemnification under the purchase agreement.

**DISCUSSION**

Fincantieri filed the motion to dismiss currently before this Court in response to Manitowoc's Third Party Complaint. Fincantieri contends that the parties to the purchase agreement designated New York as the appropriate forum and thus the Third Party Complaint should be dismissed because it was instead filed in Wisconsin. The forum selection clause is both mandatory and exclusive. It reads:

> Each party irrevocably submits to the exclusive jurisdiction of (a) the state courts of the State of New York located in New York, New York, and (b) the United States District Court for the Southern District of New York, for the purposes of any action, suit, claim, investigation or proceeding arising out of this Agreement or any transaction contemplated by this Agreement. Each party agrees to commence any such Action either in the state courts of the State of New York located in New York, New York or, if such action may not be brought in such court for jurisdictional reasons, in the Southern District of New York . . . Each party irrevocably and unconditionally waives any objection to the laying of venue of any action, suit, claim, investigation or proceeding arising out of this Agreement or the transactions contemplated by the Agreement in (a) the state courts of the State of New York located in New York, New York, or (b) the Southern District of New York, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, claim, investigation or proceeding brought in any such court has been brought in an inconvenient forum.

Agreement, § 11.14. The Agreement also provides that it is to be construed and interpreted according to the laws of the State of New York without regard to conflict of laws principles. § 11.5. Noting that the Supreme Court has held that such clauses are presumptively valid and enforceable,

3

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–10 (1972), Fincantieri argues that Manitowoc's third party complaint should be dismissed.

Following *Bremen*, the Seventh Circuit has held that "a forum selection clause is presumptively valid and enforceable unless (1) [its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3)[its] enforcement ... would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.'" *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (quoting *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993)). Here, there is no suggestion that the incorporation of the forum selection clause was the result of fraud, undue influence or overweening bargaining power. No reasons appear why New York would be such a difficult or inconvenient forum for Manitowoc that it would effectively be deprived of its day in court; nor does it appear that enforcement of the clause would contravene a strong public policy of the State of Wisconsin. Thus, under *Bremen*, it would seem that the clause should be enforced and Manitowoc's complaint dismissed.

Manitowoc argues, however, that *Bremen* is limited to admiralty cases and does not apply here. Instead, Manitowoc contends that this case is governed by *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). In *Stewart* the Supreme Court considered the effect of a forum selection clause on a motion to change venue pursuant to 28 U.S.C. § 1404(a). *Stewart* held that in deciding such a motion, a district court must "weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" 487 U.S. at 30. A forum selection clause is

4

only one of the factors the court should consider in deciding whether to grant the motion. *Id.* at 31 ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).").

Using the analysis set out by the Court in *Stewart*, Manitowoc argues that Fincantieri's motion should be denied. It notes the venue is clearly proper in this court since Fincantieri chose to subject itself to the jurisdiction and venue of the Eastern District of Wisconsin by entering into a transaction to purchase a limited liability company that was domiciled in this District. Indeed, FMGH is a Wisconsin corporation, as is Manitowoc. Given these facts, Manitowoc argues that the convenience of the parties and the interests of justice warrant denying Fincantieri's motion. Manitowoc also contends that its claim against Fincantieri arises out of the same set of occurrences as Vane's claim against Manitowoc. Vane, as plaintiff, commenced this action against Manitowoc in the Eastern District of Wisconsin where the vessel was built, and the court lacks authority or grounds to transfer Vane's case to New York. Under these circumstances, giving effect to the forum selection clause would result in splitting the case so that Manitowoc's claim against Fincantieri would be decided in New York while Vane's claim against Manitowoc would be decided here. "Separating this dispute into two separate trials, before two separate courts, in separate Districts, only to address the same factual disputes and legal issues now presented to this Court," Manitowoc argues, "is the height of inefficiency and redundancy." (Brief in Opp. at 7.)

Having considered the arguments of the parties, the Court concludes that *Bremen*, not *Stewart*, provides the proper framework for deciding Fincantieri's motion. "[T]he approach

5

outlined in *Stewart* is limited in application: it can and must be followed only when a transfer under Section 1404(a) is possible." Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3803.1 at 117; *see also Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001); *Jones v. Weibrecht*, 901 F.2d 17, 18–19 (2d Cir. 1990). No motion to transfer venue pursuant to § 1404(a) is before the Court.

Nor is *Bremen* limited to maritime cases. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475–76 (2d Cir. 2011) ("To the extent TradeComet attempts to distinguish *Bremen* as announcing a narrow rule to be applied solely in international cases, or those arising under admiralty law, we are not persuaded. Although *Bremen* was an admiralty case and involved international trade, we have recognized that its reasoning extends beyond the admiralty and international contexts."). Bremen provides the framework where dismissal, as opposed to transfer of venue under § 1404(a), is sought, particularly where a transfer of venue is not possible. *Id.* Here, transfer of venue to another federal court is not possible, as there is no diversity jurisdiction over Manitowoc's third party action against Fincantieri. Both Manitowoc and FMGH have respective principal places of business in Wisconsin. And, of course, a federal court has no authority to transfer a case to state court. Since Manitowoc has made no showing that the forum selection clause is unenforceable under *Bremen*, Fincantieri's motion will be granted.

The Court would reach the same conclusion, however, even if *Stewart* controlled. Manitowoc's suit against Fincantieri is separate and distinct from Vane's suit against Manitowoc. Vane's lawsuit is focused on the shipbuilding agreement and the defective component that allowed leakage from one cargo tank into another. Manitowoc's suit against Fincantieri, on the other hand, arises out of the purchase agreement under which Fincantieri acquired MMG. Manitowoc claims

6

Fincantieri has a contractual duty to indemnify it for any liability it may have to Vane arising out of its guarantee of MMG. That contract, the parties agreed, would be construed and interpreted according to New York law, with which a New York state court is undoubtedly more familiar.

Moreover, severance of these two claims will not result in a duplication of effort by separate courts. The issues of fact and law in the two cases are separate and distinct, and Manitowoc has made no showing of inconvenience to any witnesses that would result from trying its case in New York City as the parties agreed. Nor is it uncommon to split cases in this fashion when an obviously severable claim is subject to a forum selection clause. *See Lafargue v. Union Pac. R.R.*, 154 F. Supp. 2d 1001 (S.D. Tex. 2001); *U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, 2001 WL 300735, * 16 (S.D. N.Y. March 27, 2001); *Pasclides v. Irwin Yacht Sales North, Inc.*, 118 F.R.D. 298, 302–03 (D. R.I. 1988). Thus, even if *Stewart* applied, the forum selection clause would be enforced.

For the reasons set forth above, Fincantieri's motion to dismiss the third party complaint (ECF No. 19) is granted. The clerk's office is instructed to schedule this case for a Rule 16 conference.

**SO ORDERED** this   21st   day of October, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge