# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VANE LINE BUNKERING INC,

      Plaintiff(s),

  v.                                    Case No. 11-C-240

THE MANITOWOC COMPANY INC, et al. ,

      Defendant(s).

## ORDER RE: MEDIATION/SETTLEMENT CONFERENCE

On November 7, 2011, United States District Judge William C. Griesbach referred the above-captioned action to this court, advising that all parties have authorization to mediate disposition of the action. Based on this referral,

**IT IS HEREBY ORDERED** that:

1. This court will conduct a mediation/settlement conference on **January 19, 2012 at 10 a.m.**, in Room 102, Jefferson Court Building, 125 S. Jefferson St., Green Bay, Wisconsin.

   Pursuant to the order of United States District Judge Griesbach, the mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. In addition to counsel who will try the case being present, a person with full settlement authority must likewise be present at the conference. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party. This requirement contemplates having a person present who can settle the case during the course of the conference without consulting a superior.

3. <u>Pre-Settlement Conference Demand and Offer</u>. A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Consequently, prior to the conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives.

In addition, on or before **December 29, 2011**, plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate.

On or before **January 5, 2012**, defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

On occasion, this process will lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall send copies or fax copies of these settlement demand/offer letters directly to this court on or before **January 12, 2012**. These settlement demand/offer letters shall be sent directly to my attention at U.S. District Court, Jefferson Court Building, 125 S. Jefferson St. - Rm. 102, Green Bay, WI 54301-4541 (FAX number 920-884-3724). Because these settlement demand/offer letters will not be a part of the court record in this case, they **are not to be electronically filed.** However, copies are to be provided promptly to all counsel of record.

4. In addition, on or before **January 12, 2012**, a mediation/settlement conference statement of each party must be submitted directly to my attention at U.S. District Court, Jefferson Court Building, 125 S. Jefferson St. - Rm. 102, Green Bay, WI 54301-4541. This statement should set forth the relevant positions of the parties concerning issues of fact, issues of law, damages, and the settlement negotiation history of the case. Because this mediation/settlement conference statement will not be a part of the court record in this case, it **is not to be electronically filed** and shall be submitted to this court in paper copy. However, copies of the mediation/settlement conference statement are to be promptly transmitted to all counsel of record. The mediation/settlement conference statement shall not exceed five pages in length.

5. Accompanying each party's mediation/settlement statement to the court shall be a separate *ex parte* letter to the court indicating the minimum requirement (or, if applicable, maximum condition) of the party for which they would be willing to settle, including damages and attorneys' fees. This statement is kept confidential. The *ex parte* letter **is not to be electronically filed** and shall be submitted to this court in paper copy.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bear on settlement. To promote a full and open discussion, communications occurring during the mediation/settlement conference cannot be used by any party with regard to any aspect of this litigation.

**SO ORDERED.**

Dated this 15th day of November, 2011.

                                                     s/ James R. Sickel
                                                   JAMES R. SICKEL
                                                   United States Magistrate Judge